UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| BORIS D. MUDD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:07-CV-304 |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff Boris Mudd brought this suit to contest a denial of disability benefits by Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner"). On October 31, 2008, this Court entered an Opinion and Order ("Order") that reversed the Commissioner's denial of benefits and remanded the case to the Commissioner for further proceedings. (Docket # 22.) Mudd filed a motion and a supplemental motion to recover attorney fees in the amount of $3,273.20 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Docket # 24, 29.) The Commissioner, however, opposes Mudd's fee request, arguing that its litigation position was "substantially justified." (Docket # 27.) For the reasons set forth herein, Mudd's motion will be DENIED.

### I. LEGAL STANDARD

Under the EAJA, "[e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds

that the position of the United States was substantially justified . . . ." 28 U.S.C. § 2412(d)(1)(A). The substantial justification standard requires that the Commissioner show that its position was grounded in "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000) (citation and internal quotation marks omitted); *see also Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006); *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). The Commissioner bears the burden of establishing that its position was substantially justified. *Cunningham*, 440 F.3d at 863; *Golembiewski*, 382 F.3d at 724.

The Court may award EAJA fees if either the Commissioner's prelitigation conduct or its litigation position was not substantially justified. 28 U.S.C. § 2412(d)(2)(D); *Cunningham*, 440 F.3d at 863 (citing *Golembiewski*, 382 F.3d at 724). However, the court must "make only one determination for the entire civil action." *Golembiewski*, 382 F.3d at 724. Thus, a court must make a "global assessment" to determine whether the Commissioner was "substantially justified in continuing to push forward at each stage." *Hallmark Constr.*, 200 F.3d at 1081.

## II. DISCUSSION

In the Order, the Court reversed and remanded the Commissioner's decision, concluding that the ALJ erred in assessing the credibility of Mudd's symptom testimony because the ALJ heavily relied upon Mudd's failure to seek treatment without first inquiring about, and considering, Mudd's reasons for doing so. (Order 10-15.) The Commissioner, however, argues that it was substantially justified in defending the ALJ's decision to discount Mudd's credibility, emphasizing that in discounting Mudd's credibility the ALJ cited to other evidence in addition to

2

Mudd's failure to seek treatment. The Commissioner's argument is ultimately persuasive.

To explain, though the Court did determine that the ALJ erred when analyzing Mudd's credibility, the ALJ did indeed engage in a credibility analysis, discussing various factors articulated in Social Security Ruling 96-7p, such as the objective medical evidence and the treatment that Mudd received. (*See* Order 10 (quoting Tr. 16-17).) As a result, the ALJ's credibility determination in this instance is more analogous to that addressed in *Cunningham*, 440 F.3d at 865, in which the Seventh Circuit Court of Appeals concluded that the government's position regarding the ALJ's credibility determination was substantially justified "even though the ALJ was not as thorough in his analysis as he could have been," *id*. It is therefore inapposite to that in *Golembiewski*, 382 F.3d at 724, in which the Court of Appeals found that the Commissioner's position was not substantially justified because the "the ALJ's decision contained *no* discussion of credibility," *id*. (emphasis added). *See also Stein v. Sullivan*, 966 F.2d 317, 319-20 (7th Cir. 1992) ("[Given that] the level of articulation required is far from precise[,]" the ALJ's failure to meet the minimal articulation requirement "in no way necessitates a finding the [Commissioner's] position was not substantially justified.").

Furthermore, as the Court noted in the Order, Mudd's reasons for failing to consistently take his medication "varied and there were times when he told his health care providers that he was having no significant mental problems." (Order 13 (citing Tr. 228, 269, 277, 298).) Therefore, the record "certainly suggests that there may well be no good reason for Mudd's failure to consistently pursue treatment and that his mental impairment was simply not that severe." (Order 13.) As a result, the Commissioner's defense of the ALJ's conclusion to discount Mudd's complaints was reasonable. *See generally Kolman v. Shalala*, 39 F.3d 173, 177

(7th Cir. 1994) ("The test for substantial justification is whether the agency had a rational ground for thinking it had a rational ground for its action . . . ."); *Sutton v. Chater*, 944 F. Supp. 638, 643 (N.D. Ill. 1996) ("[N]ot having an adequate factual basis for a decision would be unreasonable and would render the decision not substantially justified."). The Commissioner has effectively carried its burden of establishing that its position was substantially justified with respect to the ALJ's credibility determination. *See Cunningham*, 440 F.3d at 863; *Golembiewski*, 382 F.3d at 724.

The Commissioner was also substantially justified in defending its position against the second argument that Mudd raised in his appeal – that the ALJ failed to account for his moderate limitations in maintaining concentration, persistence, or pace when assigning his residual functional capacity ("RFC"). The Court concluded in the Order that the ALJ reasonablely relied upon a state agency psychologist's opinion that Mudd could perform simple, repetitive tasks on a sustained basis without special consideration despite Mudd's moderate deficits in concentration, persistence, or pace, and therefore that Mudd's second argument did not necessitate attention upon remand. (Order 14 n.7.) Thus, it is indeed easy to conclude that the Commissioner was substantially justified in defending the RFC that he assigned.

At the end of the day, the Court must make only one global determination regarding whether the Commissioner's position was substantially justified. *Golembiewski*, 382 F.3d at 724; *Godbey v. Massanari*, No. 99 C 2690, 2001 WL 1035205, at *2 (N.D. Ill. Sept. 4, 2001); *Lane v. Apfel*, No. 99 C 2640, 2001 WL 521835, at *3 n.6 (N.D. Ill. May 16, 2001) (emphasizing that a court must not count arguments, but instead focus on the "totality of the circumstances" when considering whether the Commissioner's position was substantially justified). In this case,

4

judging the totality of the circumstances is straightforward, as both of the arguments advanced by the Commissioner in defense of the ALJ's decision were "substantially justified" in their own right. *See generally Purvis v. Barnhart*, No. 1:04-cv-2124 DFH VSS, 2006 WL 3354518, at *2 (S.D. Ind. Nov. 16, 2006) ("In general, . . . if the case for remand is strong and clear-cut, *Golembiewski* teaches that it will probably be an abuse of discretion to deny fees. If the case for remand is closer, and especially if it is focused primarily on an inadequate explanation of what might be a reasonable decision, *Cunningham* teaches that it will probably not be an abuse of discretion to deny fees."). Therefore, Mudd's request for attorney fees will be denied.

### III. CONCLUSION

For the foregoing reasons, the Court finds that the Commissioner's position was substantially justified. Therefore, Mudd's motion (Docket # 24) and supplemental motion for attorney's fees (Docket # 29) are DENIED.

SO ORDERED.

Enter for February 24, 2009.

S/ Roger B. Cosbey  
Roger B. Cosbey,  
United States Magistrate Judge